IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**JOSEPH FLORES,**

      **Plaintiff,**

v.                                                                                      No. CIV 07-1306 RB/LAM

**C.N.M.C.F. -- WARDENS**
**SECURITY, C/O M. DELEVARQEZ,**
**SGT. CARRY,**

      **Defendants.**

**MEMORANDUM OPINION AND ORDER**

      **THIS MATTER** is before the Court to consider Plaintiff's response *(Doc. 13)* to the Court's *Order (Doc. 12)*, filed on July 1, 2008, which restated the requirement in an earlier order for an initial partial payment toward the filing fee.  In his response, Plaintiff alleges that prison officials have refused to issue the requested payment from his trust account.  The initial payment will be waived at this time.

      Plaintiff's complaint is now before the Court *sua sponte* for consideration under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6).  The Court has the discretion to dismiss an *in forma pauperis* complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted."  The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Okla., Dep't of Human Servs.*, 925 F.2d 363, 365 (10th Cir. 1991)).  A

plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, --- U.S. ---, ---, 127 S. Ct. 1955, 1974 (2007).  In reviewing Plaintiff's *pro se* complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).  For the reasons set forth below, certain of Plaintiff's claims will be dismissed.

Plaintiff alleges that Defendant Delevarqez used excessive force against Plaintiff, causing him injuries. *See **Civil Rights Complaint Pursuant to 42 U.S.C. § 1983** (Doc. 1)* at 3, 5-6.  Plaintiff further alleges that Defendant Carry, who was Delevarqez's superior officer, was present but failed to prevent the attack on Plaintiff.  *Id.*  Plaintiff claims that Defendants' actions violated his constitutional protections.  *Id.* at 4.  For relief, he seeks damages and certain equitable relief.  *Id.* at 24.

Plaintiff's allegations do not support § 1983 claims against Defendant C.N.M.C.F-Wardens Security.  The complaint contains no allegations against this Defendant affirmatively linking it to the asserted violation.  *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).  To succeed on a complaint under § 1983, Plaintiff must allege some personal involvement by a defendant in the constitutional violation.  *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996).  A civil rights action against a state official may not be based solely on a theory of *respondeat superior* liability for the actions of workers supervised by the official.  *See id.*  The Court will dismiss these claims.

**IT IS THEREFORE ORDERED** that the initial partial payment toward the filing fee is **WAIVED**;

**IT IS FURTHER ORDERED** that Plaintiff shall make monthly payments of twenty per cent (20%) of the preceding month's income credited to his account or show cause why he has no

assets and no means by which to pay the designated filing fee; and **the Clerk is directed to provide Plaintiff with two copies of the post-filing financial certificate**;

**IT IS FURTHER ORDERED** that Plaintiff's claims against Defendant C.N.M.C.F-Wardens Security are **DISMISSED with prejudice**, and Defendant C.N.M.C.F-Wardens Security is **DISMISSED** as a party to this action.

**IT IS FURTHER ORDERED** that the Clerk is directed to issue notice and waiver of service forms, with copies of the complaint, for Defendants Delevarqez and Carry.

**IT IS SO ORDERED.**

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**