IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**JOSEPH FLORES,**

    **Plaintiff,**

**v.**                                                No. CIV 07-1306 RB/LAM

**C.N.M.C.F. – WARDENS, et al.,**

    **Defendants.**

### ORDER DENYING REQUEST FOR REFERRAL TO PRO SE CIVIL RIGHTS SELECTION COMMITTEE, OR, IN THE ALTERNATIVE, SECOND MOTION FOR APPOINTMENT OF COUNSEL

**THIS MATTER** is before the Court on Plaintiff's letter to the Court dated December 30, 2008, which the Court construes as a request for a referral to the Pro Se Civil Rights Selection Committee or, in the alternative, Plaintiff's second motion for appointment of counsel (*Doc. 22*). On January 16, 2009, the Court denied Plaintiff's ***Motion For Appointment of Counsel (Doc. 3)***, finding that Plaintiff appears to understand the issues in the case and appears to be representing himself in an intelligent and capable manner. *See **Order Denying Plaintiff's Motion for Appointment of Counsel** (Doc. 3).* In his December 30, 2008, letter (*Doc. 22*), Plaintiff asks for (1) this case to "be referred to the committee of lawyers pro se civil rights selection committee," (*id.* at 1), and (2) "for legal representation" (*id.* at 3). Plaintiff states that his "case is difficult since [he has] been put in a Level 6 Facility and the prison officials have been aware of the assault to [his] person since 9-11-07." *Id.* at 1.

There is no constitutional right to court-appointed counsel in a civil case. *Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th Cir. 2006). The Court again considered "'the merits of the

litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims.'" *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (quoting *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991)). The case does not appear to raise complex or novel issues of law that might justify the appointment of counsel. Moreover, Petitioner continues to appear to understand the issues in the case and to be representing himself in an intelligent and capable manner. Therefore, Plaintiff's request for a referral to the Pro Se Civil Rights Selection Committee or, in the alternative, Plaintiff's second motion for appointment of counsel (*Doc. 22*), will be **DENIED**.

    **IT IS THEREFORE ORDERED** that Plaintiff's request for a referral to the Pro Se Civil Rights Selection Committee (*Doc. 22*) is **DENIED**.

    **IT IS FURTHER ORDERED** that to the extent that the pleading is construed as an additional request for appointment of counsel, that request also is **DENIED**.

    **IT IS SO ORDERED**.

_____
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**