IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**JOSEPH FLORES,**

      **Plaintiff,**

**v.**                                         **No. CIV 07-1306 RB/LAM**

**C/O M. DELEVARQEZ and**
**SGT. CARRY,**

      **Defendants.**

## ORDER ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION (*Doc. 35*) and DENYING AS MOOT PLAINTIFF'S MOTION TO AMEND COMPLAINT (*Doc. 36*)

**THIS MATTER** is before the Court on the Magistrate Judge's *Proposed Findings and Recommended Disposition* (*Doc. 35*) (hereinafter "*PF&RD*"), filed on July 10, 2009. On July 21, 2009, Plaintiff Joseph Flores filed timely *Objections to Proposed Findings and Recommend[ed] Dispo[si]tion* (*Doc. 37*) (hereinafter "*Objections*"), and a *Motion for Leave to File an Amended Complaint* (*Doc. 36*). Respondents did not file any objections to the *PF&RD* or a response to Mr. Flores' *Objections* or *Motion for Leave to File an Amended Complaint*. The Court has conducted a *de novo* review of those portions of the *PF&RD* to which Mr. Flores objects and finds that the *Objections* are without merit. The Court has also reviewed Mr. Flores' *Motion for Leave to File an Amended Complaint* and finds that it should be denied. Accordingly, the Court has determined that it will overrule Mr. Flores' *Objections*, adopt the *PF&RD*, deny Mr. Flores' *Motion for Leave to File an Amended Complaint*, and enter a judgment dismissing this case without prejudice.

Mr. Flores objects to the Magistrate Judge's recommendation that Mr. Flores' Eighth Amendment claim in his ***Civil Rights Complaint Pursuant to 42 U.S.C. § 1983*** (hereinafter "***Complaint***") (*Doc. 1*) should be dismissed without prejudice because he failed to exhaust his administrative remedies.  *See* ***Objections*** (*Doc. 37*) at 4-6, 10-14.  Mr. Flores alleges in his ***Objections*** that "prison official[]s deliberately denied him the opportunity to invoke the grievance 'procedures'" by placing him in segregation on September 11, 2007, after he was allegedly assaulted, and that "as a result [Mr.] Flores lacked 'available' administrative remedies."  ***Objections*** (*Doc. 37*) at 5.  Mr. Flores states that prison officials did not supply him with the proper grievance forms and denied him access to legal materials.  *Id.* at 11-13.  While Mr. Flores stated in one of his supplements to his ***Complaint*** that he "was cut off from any and all request[s] to further pursue the matter" (*Document 26* at 7), which the Magistrate Judge considered to be a claim that Mr. Flores was unable to pursue his administrative remedies (*see* ***PF&RD*** (*Doc. 35*) at 9-10), Mr. Flores provides for the first time in his ***Objections*** this more specific allegation of why he was unable to pursue his administrative remedies.  This allegation directly contradicts Mr. Flores' allegation in his ***Complaint*** (*Doc. 1*) at page 24 wherein he states that he "filed the proper grievance forms to the Grievance Officer as required when [he] was placed in involuntary seg[regation]."  Despite Mr. Flores' about-face regarding his grievance forms, the Court will consider his allegation regarding Mr. Flores' alleged inability to pursue his administrative remedies.  Mr. Flores does not appear to make any further objections to the ***PF&RD*** in his ***Objections***, and instead he re-states the facts in his complaint that are related to his Eighth Amendment claim.  *Id.* at 6-10; ***Complaint*** (*Doc. 1*) at 4-6.  Mr. Flores also attached to his ***Objections*** a copy of a complaint he filed January 24, 2008, in district court for the state of New Mexico, based on alleged violations of the New Mexico Tort Claims Act.  ***Objections*** *(Doc. 37)* at 17-23.

A prisoner must provide support for a claim that he or she was prevented from adequately exhausting administrative remedies in order "to create a[] factual dispute for summary judgment purposes." *Gorton v. Miller*, No. 08-6160, 320 Fed.Appx. 876, 878, 2009 WL 962679 (unpublished) (10th Cir. April 10, 2009) (unpublished). Mr. Flores fails to provide any explanation of what legal materials he wanted to obtain or how they were necessary for him to exhaust his administrative remedies. *See Fields v. Okla. State Penitentiary*, 511 F.3d 1109, 1112 (10th Cir. 2007) (rejecting prisoner's claim that "he was hampered in exhausting his [administrative] remedies . . . because he was denied access to and storage space for his legal materials," because his claims were "bald allegations" and he failed to provide specific information). Mr. Flores also fails to provide any factual support or evidence that he failed to exhaust administrative remedies because prison officials did not supply him with the proper grievance forms. Not only does he fail to specify which prison officials allegedly denied him grievance forms, Mr. Flores does not allege that he made any attempts to obtain grievance forms or whether any such attempts were denied. *See Houston v. Shames*, No. 06-1104, 212 Fed.Appx. 741, 743, 2007 WL 64838 (10th Cir. Jan. 11, 2007) (unpublished) (rejecting plaintiff's claim that prison officials conspired to prevent him from exhausting administrative remedies because he provided no factual basis for his assertion); *Bell v. Ward*, No. 05-7118, 189 Fed.Appx. 802, 803-04, 2006 WL 2065171 (10th Cir. July 26, 2006) (unpublished) ("A plaintiff seeking to be excused from the exhaustion requirement [based on claims that administrative remedies were unavailable or futile] must do more than make unsupported conclusory allegations of misconduct by prison officials.") (citation omitted); *Mackey v. Ward*, No. 04-7071, 128 Fed. Appx. 676, 677, 2005 WL 768782 (10th Cir. April 6, 2005) (unpublished) (prisoner's "conclusory allegations that pursuit of administrative remedies would be futile . . . are insufficient to excuse his failure to exhaust"). Moreover, even though Mr. Flores states that he could not exhaust

3

his administrative remedies because he was placed in segregation after the alleged incident, Mr. Flores does not allege that he was in segregation for the entire 20-days after the September 11, 2007 incident, which is the time period in which an inmate must file an "Inmate Grievance." *See* **PF&RD** (*Doc. 35*) at 8.  Indeed, the Court notes that in another one of Mr. Flores' cases in the United States District Court for the District of New Mexico, Mr. Flores filed a letter to the Court on September 28, 2007 -- well within the 20-day time period in which he could have filed a grievance with the prison.  *See Document 29*, filed in *Flores v. GEO Security, et al.*, Case No. Civ. 06-1163 MV/ACT.[1] The Court finds that Mr. Flores' claim that his failure to exhaust administrative remedies is excused because he was denied access to grievance forms or legal materials has no merit and is overruled.

Mr. Flores asks the Court for leave to amend his complaint, stating that: (1) he has determined that the name of a John Doe is Melvin DeVargas, Sr.; (2) he was denied the chance to file an "Inmate Grievance" within the 20-day time period after the alleged incident because he was in segregation, and (3) he is suffering from physical, emotional and mental injuries due to the alleged incident.  *See* **Motion for Leave to File an Amended Complaint** (*Doc. 36*) at 2-8.  Leave to amend a pleading to which a responsive pleading has already been filed shall be freely given "when justice so requires."  Fed. R. Civ. P. 15(a)(2).  However, "the grant or denial of an opportunity to amend is within the discretion of the District Court," *Foman v. Davis*, 371 U.S. 178, 182 (1962), and "the district court may deny leave to amend where amendment may be futile . . . [and a] proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Jefferson County Sch. Dist. v. Moody's Investor's Servs., Inc.*, 175 F.3d 848, 859

---

[1] Significantly, Mr. Flores in this letter again reiterates that he "also filed grievance with no responses from anybody." *Document 29* at 1.  This statement again contradicts his new claim in his ***Objections*** that he was precluded from filing any grievances for the alleged misconduct of Defendants.

(10th Cir. 1999) (citations omitted). Here, Mr. Flores fails to attach the proposed amended complaint as required by D. N.M. LR-Civ. 15.1, but based on the three issues raised in his ***Motion for Leave to File an Amended Complaint*** *(Doc. 36)* at 2-8, which the Court presumes would be the issues in his proposed amended complaint, the Court finds that amendment would be futile.

First, the identification of one of the defendants as Melvin DeVargas, Sr. (***Motion for Leave to File an Amended Complaint*** *(Doc. 36)* at 2) is irrelevant to the Court's finding that Mr. Flores failed to exhaust his administrative remedies. *See, e.g., Aguilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 n.4 (10th Cir. 2007) (noting that the district court dismissed the plaintiff's complaint against an unserved potential party, and reversing the district court on other grounds); *Deere v. Grady County Sheriff*, No. CIV-07-82-W, 2007 WL 4463749 (W.D. Okla. Dec. 17, 2007) (unpublished) (finding that unserved defendants should be dismissed *sua sponte* due to the plaintiff's failure to exhaust his administrative remedies). As explained in the ***PF&RD***, the Magistrate Judge recommended dismissal of Mr. Flores' claims "with respect to all Defendants," which would include either "C/O M. Delevarqez" or "Melvin DeVargas, Jr." or "Sr." ***PF&RD*** *(Doc. 35)* at 1 n.2, 3-4; *see also* 42 U.S.C. § 1997e(c)(1) ("The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under [S]ection 1983 . . . if the court is satisfied that the action is frivolous, malicious, [or] fails to state a claim upon which relief can be granted."). Equally important, Mr. Flores did not object to the dismissal of this unserved, albeit incorrectly named, Defendant. Providing the name of one of the defendants in this action would not change the Court's finding that Mr. Flores failed to exhaust his administrative remedies, and, therefore, allowing amendment of the complaint to add this statement would be futile.

In addition, amending the complaint to allow Mr. Flores to allege that he was denied the chance to file an "Inmate Grievance" within the 20-day time period after the alleged incident

5

because he was in segregation (***Motion for Leave to File an Amended Complaint*** *(Doc. 36)* at 3-7), would be futile because the Court considered and rejected that claim in this Order.  Finally, the Court also finds that amending the complaint to allow Plaintiff to claim that he is suffering from physical, emotional and mental injuries due to the alleged incident (***Motion for Leave to File an Amended Complaint*** *(Doc. 36)* at 8), would be futile because that allegation has no bearing on the Court's finding that Mr. Torres failed to exhaust his administrative remedies.  Mr. Torres' ***Motion for Leave to File an Amended Complaint*** *(Doc. 36)*, therefore, will be denied.

## *Conclusion*

Upon careful *de novo* consideration of the record of this case, the ***PF&RD***, and Mr. Flores' ***Objections*** and ***Motion for Leave to File an Amended Complaint***, the Court finds that the ***Objections*** and ***Motion for Leave to File an Amended Complaint*** are without merit.  Therefore, the Court will overrule the ***Objections***, adopt the ***PF&RD***, grant ***Defendants' Motion to Dismiss*** (*Doc. 25*), deny Mr. Flores' ***Motion for Leave to File an Amended Complaint***, and enter a judgment dismissing this case without prejudice.

**IT IS THEREFORE ORDERED** that:

1. Plaintiff Joseph Flores' ***Objections to Proposed Findings and Recommend[ed] Dispo[si]tion*** (*Doc. 37*) are **OVERRULED**;

2. The Magistrate Judge's ***Proposed Findings and Recommended Disposition*** (*Doc. 35*) are **ADOPTED** by the Court;

3. ***Defendants' Motion to Dismiss*** (*Doc. 25*) is **GRANTED**;

4. Mr. Flores' ***Motion for Leave to File an Amended Complaint*** (*Doc. 36*) is **DENIED**; and

      5.      This case be **DISMISSED WITHOUT PREJUDICE** in a final judgment entered concurrently with this order.

      **IT IS SO ORDERED**.

_____
**HONORABLE ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**